IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARL A. BOWEN                                                                                              PLAINTIFF

v.                                         Case No. 1:25-cv-1061

STEP DOWN CAPTAIN LISA WORLEY,
Union County Jail; and NURSE KASEY
SANFORD, Union County Jail                                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 11. This case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Judge Bryant recommends that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has responded with an objection. ECF No. 12. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983. He is a detainee at the Union County Detention Center ("UCDC"). Plaintiff alleges that while detained at the UCDC, he was charged for medical visits and other medical expenses even though he did not request a doctor's visit. He further alleges that he has filed grievances about the issue, which Defendant Lisa Worley failed to investigate. Plaintiff contends that the actions of Defendants violate his substantive due process rights. Judge Bryant has issued a Report and Recommendation, in which he recommends that Plaintiff's claims be dismissed because Plaintiff fails to assert a cognizable constitutional violation. ECF No. 11.

### II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to

submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

Plaintiff states in his objection that he "wishes to object the Court motion to dismiss" and wants to "proceed on with this case." ECF No. 12. This is the only objection made by Plaintiff to the Report and Recommendation. The objection does not address any specific errors. Having reviewed the Report and Recommendation, the Court finds no clear error in Judge Bryant's analysis or conclusions.

The alleged failure to investigate Plaintiff's grievances does not implicate Plaintiff's constitutional rights because the prison grievance procedure does not confer any substantive right upon inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Further, Arkansas law

provides a post-deprivation remedy for the alleged wrongful charges incurred by Plaintiff while detained at the UCDC. Plaintiff may file an action for conversion, which would satisfy due process in this case. Accordingly, the Court finds that Plaintiff's claims should be dismissed for failure to state claims upon which relief may be granted.

### IV. CONCLUSION

Upon review of the Report and Recommendation (ECF No. 11), and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objection (ECF No. 12) and adopts the Report and Recommendation *in toto*. ECF No. 11. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on this case for future judicial consideration.

**IT IS SO ORDERED**, this 10th day of December, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge